IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

SEP 27 2019

Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| Center for Biological Diversity,<br><br>                Plaintiffs,<br><br>vs.<br><br>DAVID BERNHARDT, Secretary of the U.S. Department of the Interior; and MARGARET EVERSON, Principal Deputy Director of U.S. Fish and Wildlife Service,<br><br>                Defendants. | CV 19–109–M–DLC<br><br><br>ORDER |

Before the Court is the State of Wyoming's Motion to Intervene. (Doc. 12.) Wyoming seeks to Intervene in this matter "as of right" pursuant to Federal Rule of Civil Procedure 24(a) or "permissively" pursuant to Rule 24(b). (Doc. 13 at 2.) Plaintiffs do not oppose Wyoming's permissive intervention under Rule 24(b), though ask the Court to limit Wyoming's participation by (1) requiring Wyoming's adherence to the briefing schedule applicable to Federal Defendants; and (2) prohibiting Wyoming's filing of independent motions not joined by Federal Defendants. (Doc. 14 at 2.) Federal Defendants do not oppose the Motion to Intervene but do not support the imposition of the conditions proposed by

-1-

Plaintiffs. (Doc. 15 at 2.) For the following reasons, Wyoming's Motion will be granted.

Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990). When exercising this discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, when the court has federal-question jurisdiction and the proposed intervenor does not seek to bring new state-law claims, an independent ground for jurisdiction is unnecessary. *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843–44 (9th Cir. 2011). Here, this Court has federal-question jurisdiction and Wyoming is not advancing any individual claims. (*See* Doc. 13 at 12–13.) Consequently, the Court turns to the remaining two requirements.

First, Wyoming's motion is timely. The timeliness of a motion to intervene depends on three criteria: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (internal quotation marks and citations omitted). This litigation is in a preliminary stage and the Court has not yet issued a scheduling order. In light of the early stage of these proceedings, the Court does not find that there will be prejudice to other parties or that there is any delay in the filing of Wyoming's motion.

Next, the Court considers whether there are common questions of law and fact between Wyoming's defense and the main action. Here, Wyoming does not appear to be raising any specific defense but intends to defend that the Service maintains discretion as to whether to amend or modify the Grizzly Bear Recovery Plan under the Endangered Species Act ("ESA"). As such, Wyoming's defenses are directly responsive to the Center's claims that the Service maintained a nondiscretionary duty to evaluate and incorporate new grizzly habitats under the ESA.

In granting the motion for permissive intervention, the Court advises Wyoming that, while it may participate in settlement negotiations with the parties should such negotiations take place, its status as Defendant-Intervenor does not carry with it the right to prevent any settlement of plaintiffs' claims from

occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, lnt'l Ass 'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Furthermore, the Court urges Wyoming to focus its briefing on its unique interests in this case. It is not helpful when intervenors or amici brief the same issues and make the same arguments advanced by other defendants.

As for the conditions that Plaintiffs request, the Court will grant the first request. Though the scheduling order is not yet released, Federal Defendants and Wyoming will be subject to the same filing deadlines. Federal Defendants and Wyoming are expected to work together to avoid duplicative briefing. The Court will not grant Plaintiffs second request. Wyoming will be permitted to file its own motions.

Accordingly, IT IS ORDERED that Wyoming's Motion to Intervene (Doc. 12) is GRANTED as follows:

1) Defendant-Intervenor are hereby granted leave to intervene as a defendant in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

2) Defendant-Intervenor shall file its answer on or before October 14, 2019; and

3) Defendant-Intervenor shall confer with counsel for the federal defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Defendant-Intervenor's interests

DATED this 27th day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court