Ronald W. Opsahl, Esq. (Mont. Bar No. 8422)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mslegal.org



Attorney for Applicants in Intervention

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,** | ) Case No. 9:19-cv-0109-DLC |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM IN SUPPORT OF** |
| **DAVID BERNHARDT**, Secretary of the Interior; and **MARGARET EVERSON**, Principal Deputy Director of U.S. Fish and Wildlife Service, | ) **WYOMING STOCK GROWERS' ASSOCIATION, WYOMING FARM BUREAU FEDERATION, AND UTAH FARM BUREAU FEDERATION'S UNOPPOSED MOTION TO INTERVENE** |
| Defendants, | ) |
| **STATE OF WYOMING** and **STATE OF IDAHO,** | ) |
| Intervenor-Defendants | ) |
| and | ) |
| **WYOMING STOCK GROWERS' ASSOCIATION, WYOMING FARM BUREAU FEDERATION,** and **UTAH FARM BUREAU FEDERATION,** | ) |
| Applicants in Intervention. | ) |

Applicants in Intervention, Wyoming Stock Growers' Association, Wyoming Farm Bureau Federation, and Utah Farm Bureau Federation (collectively, "Applicants"), respectfully submit the following Memorandum in Support of Unopposed Motion to Intervene as Intervenors-Defendants.

## INTRODUCTION

The Center for Biological Diversity ("CBD") is continuing its attacks on the United States Fish and Wildlife's ("FWS") efforts to delist recovered populations of grizzly bear. In this case, CBD turns its attention to the grizzly bear recovery plan. If CBD succeeds, and this Court holds the recovery plan unlawful, then actions based upon criteria within the recovery plan, such as the delisting of the Greater Yellowstone population of grizzly, will also be placed in jeopardy.

Here, CBD challenges FWS's decision to deny a petition for rulemaking. In its petition, CBD requested FWS to evaluate areas of historic grizzly bear range to determine if additional habitat is suitable for grizzly bear recovery, including historic areas in Arizona, California, Colorado, Nevada, New Mexico, Oregon, Utah, and Washington. CBD based its petition on statements contained within the grizzly bear recovery plan, and supplements, that additional areas would be considered for suitability. FWS denied the petition, noting that statements within recovery plans are not binding upon the agency, and that recovery plans do not fall under the

2

purview of notice and comment rulemaking provided by the Administrative Procedure Act ("APA"). CBD filed suit, bringing four claims for relief: (1) that FWS was required to prepare a five-year status review for the grizzly bear; (2) that the recovery plan fails to provide for the conservation and survival of the species; (3) that FWS was required by the recovery plan to consider additional historic range; and (4) that a recovery plan is a "rule" under the terms of the APA, and therefore must be adopted in accordance with notice and comment procedures.

Applicants seek to intervene to defend their, and their members', interests that would be directly impacted by the relief sought by CBD. Applicants meet all criteria for intervention, and this Court should grant their request.

## DESCRIPTION OF APPLICANTS FOR INTERVENTION

The Wyoming Stock Growers Association ("WSGA") is a non-profit membership organization founded in 1872 and incorporated under the laws of the State of Wyoming. WSGA represents over 1,200 livestock producers across the state and advocates for the interests and advancement of the livestock industry, Wyoming agriculture, rural community living, and the livestock-related interests of its members. As part of its mission, WSGA also informs and educates the public regarding the role of the livestock industry in the community, in partnership with the state and federal government. WSGA has approximately 475 members who hold grazing permits from either the Bureau of Land Management or the United States

3

Forest Service, some of whom operate in the national forests in the State of Wyoming. WSGA members operate in the geographic area occupied by grizzly bear.

The Wyoming Farm Bureau Federation ("WYFB") is a non-profit membership organization founded in 1920 and incorporated under the laws of the State of Wyoming. WYFB represents more than 13,000 members in all 23 counites in the state, including over 2,600 agricultural producers. WYFB's mission is to protect, promote, and represent the economic, social, and educational interests of its members at the local, state, and national levels, as well as to protect private property rights and help its members achieve an equitable return on their investments. WYFB has members who operate in the national forests in the State of Wyoming. WYFB members operate in the geographic area occupied by grizzly bear.

Both the WSGA and WYFB have been closely involved in the issue of grizzly bear management for over a decade. In fact, both associations participated as Intervenors-Defendants in litigation before this Court concerning the delisting of the Greater Yellowstone Ecosystem population of grizzly bear: *Crow Indian Tribe v. United States*, No. 9:17-cv-0089-DLC (D. Mont. Oct. 23, 2018), on appeal No. 18-36030 (9th Cir.).

Finally, the Utah Farm Bureau Federation ("UFBF") is a non-profit membership organization founded in 1916 and incorporated under the laws of the

State of Utah.  UFBF represents over 34,000 members in all 29 counties in the state. UFBF works to support its producer-members through legislative lobbying, leadership development programs, commodity associations, rural health and safety programs, insurance products, and agricultural supplies and marketing.  UFBF actively works at the local, state, national, and international level to represent the interests of its members and the agricultural industry.  UFBF has members who operate in the national forests in the State of Utah.  UFBF members operate in the geographic area that would be impacted by CBD's requested relief.

## ARGUMENT

### I.   APPLICANTS ARE ENTITLED TO INTERVENE AS OF RIGHT.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a), (a)(2).

Intervention of right under Rule 24(a)(2) involves application of a four-part test.  First, the applicant's motion must be timely.  Second, the applicant must assert an interest relating to the transaction or property that is the subject of the action. Third, the applicant must show that its interest may be impaired by the action. Fourth, the interests of the applicant must not be represented adequately by the

parties already involved in the action. S*w. Ctr. for Biological Diversity v. Berg*, 268

F.3d 810, 817–818 (9th Cir. 2001); *Sierra Club v. United States Envtl. Prot. Agency*,

995 F.2d 1478, 1481 (9th Cir. 1993). This intervention test is to be "broadly

construed in favor of proposed intervenors." *United States ex rel. McGough v.

Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *Sw. Ctr. for Biological

Diversity*, 268 F.3d at 818 ("In general, we construe Rule 24(a) liberally in favor of

potential intervenors."); *United States v. Los Angeles*, 288 F.3d 391, 397–398 (9th

Cir. 2002).

### A.      Applicants' Motion Is Timely.

The Ninth Circuit considers three factors when evaluating the timeliness of a

motion to intervene:  (1) the stage of the proceedings; (2) the prejudice to the other

parties; and (3) the reason for and length of the delay. *Alaska v. Suburban Propane

Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *Empire Blue Cross & Blue Shield

v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995). Here,

the FWS and the States of Wyoming and Idaho and have recently filed their Answers

to the Complaint. *See* ECF No. 11 (filed August 29, 2019); ECF No. 20 (filed

October 1, 2019); ECF No. 29 (filed October 8, 2019). The administrative record

has not yet been lodged, no briefing schedule has been established, and no

dispositive pleadings have been filed. Indeed, this case remains in its infancy.

Accordingly, the existing parties will not be prejudiced by Applicants' intervention. The Motion is timely.

### B.     Applicants Have Significant, Protectable Interests.

To intervene as a matter of right, an applicant must establish "a 'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981); *see also Donaldson v. United States*, 400 U.S. 517, 531 (1971). Rule 24(a)(2) does not require a specific type of legal or equitable interest to support intervention. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 818. "Rather, it is generally enough that [1] the interest is protectable under some law, and [2] that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y*, 630 F.3d at 1179 (quoting *Sierra Club v. EPA*, 995 F.2d at 1484). A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

Various types of interests have supported intervention.[1]  For example, the Ninth Circuit has held that "[a]n applicant demonstrates a 'significantly protectable

---

[1] *See, e.g.*, *Fund for Animals v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (holding that Foundation's members interest in hunting and conservation of wild sheep species sufficient to warrant intervention in ESA suit against FWS to list the species); *Natural Res. Def. Council v. Envtl. Prot. Agency*, 99 F.R.D. 607, 609 (D.D.C. 1983) (holding that pesticide manufacturers subject to regulation being

interest' when 'the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir.1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1177-80). In addition, an economic interest that is "concrete and related to the underlying subject matter of the action" may support intervention under Rule 24(a)(2). *United States v. Alisal Water Corp.*, 370 F.3d 915, 919-20 (9th Cir. 2004).

The outcome of the instant case poses a direct and substantial threat to Applicants' members' property rights and their economic interests. Because this case attempts an indirect challenge to the delisting of the Greater Yellowstone grizzly bear population, a case in which two of the Applicants have already been granted intervention, they have a legally protectable interest that this Court should find sufficient to support intervention as of right under Rule 24(a).

---

challenged had a legally protected interest); *see also, e.g.*, *Military Toxics Project v. Envtl. Prot. Agency*, 146 F.3d 948, 954 (D.C. Cir. 1998) (holding that companies that produce military munitions and operate military firing ranges had standing to challenge EPA's Military Munitions Rule); *Conservation Law Found. of New England v. Mosbacher*, 966 F.2d 39, 41–44 (1st Cir. 1992) (holding that commercial fishermen impacted by regulatory plan to address overfishing had a protectable interest in the timetable for implementing that plan).

## C.     Applicants' Interests Will Be Impaired by the Relief Sought.

The third element in the four-part test, impairment, "follows from the factors" related to Applicants' protectable interest. *See Sierra Club*, 995 F.2d at 1486. This burden is minimal. The Advisory Committee Notes for Rule 24 provide that, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Advisory Committee's Notes, Fed. R. Civ. P. 24 (1966); *see also Forest Conservation Council*, 66 F.3d at 1498. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1178 (quoting *Lockyer*, 450 F.3d at 441). Accordingly, where the proceeding has the potential to subject the movant to governmental regulation or to significantly change how the movant does business, the prospective intervenor has a protectable interest that will be impaired by the relief sought. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992); *Fund for Animals*, 322 F.3d at 735; *Military Toxics Project*, 146 F.3d at 954. That is clearly the case here with respect to CBD's claims and the relief it is seeking. If CBD is successful in requiring FWS to revise its recovery plans, Applicants' members would be impacted, as the delisting of the Greater Yellowstone grizzly bear population is based upon criteria provided in the recovery plans. Thus, the third element for intervention as of right is met.

**D.    The Existing Parties Will Not Adequately Represent Applicants' Interests.**

The fourth prong of the test for intervention as of right is to show that the proposed intervenor's interests will not be adequately protected by the existing parties.   The burden under this prong is "minimal"; that is, a party seeking to intervene need only show that representation of its interest "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).   The Ninth Circuit considers numerous factors to determine whether the applicant for intervention's interests will be adequately represented by an existing party, including:  "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).   Although the applicant for intervention bears the burden of demonstrating that the existing parties may not adequately represent its interest, it is sufficient for applicants to show that, because of the difference in their interests, it is likely that the FWS will not advance the same arguments as would the proposed intervenor.   *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823.

Here, because the FWS is litigating on behalf of the general public, it is obligated to consider a wide spectrum of views, many of which may conflict with

10

the particular interest of Applicants and their members. *See Forest Conservation Council*, 66 F.3d at 1498 (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994)). Indeed, the FWS is required to represent a broader view than the narrow, parochial interests of the proposed clients. *See Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1000–01 (8th Cir. 1993) (because the landowner's individual interests were not shared by the general state citizenry, the State defendant would not adequately represent those interests); *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44–45 (1st Cir. 1992) (Secretary's judgments are necessarily constrained by his view of the public welfare).

Here, Applicants intend to diligently defend the adequacy of the recovery plans at issue. Neither CBD, who effectively seeks to set aside the recovery plans, the FWS, which issued the plans but receives no benefit from them, nor the States of Wyoming and Idaho, which must represent the entirety of their citizenship, may be expected to represent Applicants' interests. It cannot be assumed that the FWS or the States will necessarily make all of Applicants' arguments or that the they would even be willing to do so. *Forest Conservation Council*, 66 F.3d at 1499. Unlike Applicants, the FWS must balance multiple and sometimes competing uses of federal lands, and the States have a similar duty with regard to state lands. When a party has private interests, as opposed to the government's public interests, this difference is sufficient to allow intervention. *Sierra Club*, 18 F.3d at 1208; *Fresno*

11

*County*, 622 F.2d at 438–439.  Thus, the interests of Applicants' are not adequately represented by the existing parties.

## II.    ALTERNATIVELY, APPLICANTS SHOULD BE GRANTED PERMISSIVE INTERVENTION.

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . .  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (b)(3).  Under Rule 24(b), the possibility of impairment of a significant protectable interest is not required.  Instead, all that is necessary for permissive intervention is that intervenor's "claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b); *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002).  Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).

In this case, Applicants have defenses to the claims asserted by CBD and to the relief being sought, which is an indirect challenge to the delisting of the Yellowstone grizzly bear, that raise common questions of fact and law.

Rule 24(b) also requires the court to consider whether permissive intervention would cause undue delay or would prejudice adjudication of the rights of the original parties.   In this case, there would be  neither  prejudice nor  undue  delay.   No responsive pleadings have been filed and there is no reason why granting Applicants intervenor status would prejudice the rights of the original parties. *See Spangler v. Pasadena City Board of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).  Thus, at a minimum, this Court  should  grant  Applicants  permissive  intervention  because Applicants' defenses to the claims asserted by CBD raise common questions of fact and law.

## CONCLUSION

For the foregoing reasons, Applicants respectfully requests that this Court grant them intervention as of right pursuant to Rule 24(a)(2).  Applicants are entitled to intervene because they have protectable interests that directly relate to CBD's claims and will be significantly impaired by the relief sought by CBD, and because FWS cannot be expected to protect and defend all of Applicants' members' unique private interests.

In the alternative, Applicants requests that this Court exercise its discretion and grant permissive intervention pursuant to Rule 24(b) based on their common defenses to Plaintiff's claims.

13

DATED this 28th day of October 2019.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION

Ronald W. Opsahl, Esq. (Mont. Bar No. 8422)
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mslegal.org

Attorney for Applicants in Intervention

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, a true and correct hard copy of **MEMORANDUM IN SUPPORT OF WYOMING STOCK GROWERS' ASSOCIATION, WYOMING FARM BUREAU FEDERATION, AND UTAH FARM BUREAU FEDERATION'S UNOPPOSED MOTION TO INTERVENE and DECLARATIONS OF KEN HAMILTON, JAMES H. MAGAGNA, and DALE NEWTON** were sent to the Clerk's office via U.S. Postal Service for filing and all parties or counsel of record, as more fully reflected as follows:

Clerk of the Court
United States District Court
District of Montana | Missoula
Russell Smith Federal Courthouse
201 E. Broadway
Missoula, MT 59802

Jean E. Williams, Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
Seth M. Barsky, Section Chief
Meredith L. Flax, Assistant Section Chief
Devon Lea Flanagan, Trial Attorney
Davis A. Backer, Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Email: Devon.Flanagan@usdoj.gov

*Attorneys for Federal Defendants*

Ronald W. Opsahl, Esq.