IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

NOV 0 4 2019

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, Secretary of the U.S. Department of the Interior; and MARGARET EVERSON, Principal Deputy Director of U.S. Fish and Wildlife Service,<br><br>                Defendants,<br><br>STATE OF WYOMING and STATE of IDAHO,<br><br>                Intervenor-Defendants. | CV 19–109–M–DLC<br><br>ORDER |

Before the Court is the Wyoming Stock Growers' Association, Wyoming Farm Bureau Federation, and Utah Farm Bureau Federation's (collectively "Western Entities") Motion to Intervene. (Doc. 32.) Western Entities seek to Intervene in this matter "as of right" pursuant to Federal Rule of Civil Procedure 24(a) or "permissively" pursuant to Rule 24(b). (Doc. 33 at 5–13.) None of the

-1-

parties oppose this Motion.[1] (Doc. 21 at 2.) For the following reasons, Western Entities' Motion will be granted.

Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990). When exercising this discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, when the court has federal-question jurisdiction and the proposed intervenor does not seek to bring new state-law claims, an independent ground for jurisdiction is unnecessary. *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843–44 (9th Cir. 2011). Here, this Court has federal-question jurisdiction and Western Entities

---

[1] Western Entities are instructed to consult the local rules—Rule 7.1(c)(2) and (3) in particular—for future filings.

-2-

are not advancing any individual claims. (*See* Doc. 17 at 13.) Consequently, the Court turns to the remaining two requirements.

First, Western Entities' motion is timely. The timeliness of a motion to intervene depends on three criteria: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (internal quotation marks and citations omitted). This litigation is in a preliminary stage and the Court has not yet issued a scheduling order. In light of the early stage of these proceedings, the Court does not find that there will be prejudice to other parties or that there is any delay in the filing of Western Entities' Motion.

Next, the Court considers whether there are common questions of law and fact between Western Entities' defense and the main action. Here, Western Entities asserts that it has defenses to the claims asserted by the Center which generally support the Fish and Wildlife Services' implementation of the grizzly bear recovery plan. As such, Western Entities' defenses are directly responsive to the Center's challenge to the recovery plan. Because the Court finds that Western Entities may be permissively joined in this action, it will not address joinder under Rule 24(a).

In granting the Motion for permissive intervention, the Court advises Western Entities that, while they may participate in settlement negotiations with the parties should such negotiations take place, their status as Defendant-Intervenor does not carry with it the right to prevent any settlement of plaintiffs' claims from occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Furthermore, the Court urges Western Entities to focus their briefing on their unique interests in this case. It is not helpful when intervenors or amici brief the same issues and make the same arguments advanced by other defendants.

Accordingly, IT IS ORDERED that Western Entities' Motion to Intervene (Doc. 32) is GRANTED as follows:

1. Defendant-Intervenor are hereby granted leave to intervene as a defendant in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

2. Defendant-Intervenor shall file their answer on or before November 18, 2019; and

3. Defendant-Intervenor shall confer with counsel for the federal defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Defendant-Intervenor's interests.

DATED this 4th day of November, 2019.

Dana L. Christensen, Chief Judge
United States District Court