Ronald W. Opsahl, Esq. (Mont. Bar No. 8422)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mslegal.org

Attorney for Applicants in Intervention

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, | )<br>)<br>) Case No. 9:19-cv-0109-DLC |
| Plaintiff, | )<br>) |
| v. | ) **[PROPOSED] ANSWER OF**<br>) **WYOMING STOCK GROWERS'** |
| **DAVID BERNHARDT**, Secretary of the Interior; and **MARGARET EVERSON**, Principal Deputy Director of U.S. Fish and Wildlife Service, | ) **ASSOCIATION, WYOMING**<br>) **FARM BUREAU FEDERATION,**<br>) **AND UTAH FARM BUREAU**<br>) **FEDERATION**<br>) |
| Defendants, | )<br>) |
| **STATE OF WYOMING** and **STATE OF IDAHO**, | )<br>) |
| Intervenor-Defendants | )<br>) |
| and | )<br>) |
| **WYOMING STOCK GROWERS' ASSOCIATION, WYOMING FARM BUREAU FEDERATION**, and **UTAH FARM BUREAU FEDERATION**, | )<br>)<br>)<br>)<br>) |
| Applicants in Intervention. | )<br>) |

Applicants in Intervention, Wyoming Stock Growers' Association, Wyoming Farm Bureau Federation, and Utah Farm Bureau Federation (collectively, "Applicants"), hereby respond to Plaintiff's Complaint, ECF No. 1, as follows:

## INTRODUCTION

1. Paragraph 1 consists of a summary of the claims and assertions of Plaintiff's Complaint, which are responded to below and to which no separate response is required. To the extent a response is necessary, Applicants deny every allegation not specifically admitted below.

2. Applicants admit that the grizzly bear species was designated a "threatened" species in the contiguous United States in 1975, that the U.S. Fish and Wildlife Service ("FWS") adopted a recovery plan in 1982, which was revised and supplemented, and that a five-year status review was released in 2011. The remainder of Paragraph 2 purports to summarize FWS's 2011 five-year status review, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 2 not consistent therewith.

3. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, deny the same.

4. Paragraph 4 consists of a summary of Plaintiff's prayer for relief, to which no response is required. To the extent a response is necessary, Applicants deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

5. Paragraph 5 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

6. Applicants admit that individual grizzly bears and the FWS's Grizzly Bear Recovery Office occur in this District. The remainder of Paragraph 6 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

## PARTIES

7. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, deny the same.

8. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, deny the same.

9. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, deny the same.

10. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, deny the same.

11. Paragraph 11 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations. Paragraph 11 also consists of a summary of Plaintiff's prayer for relief, to which no

response is required. To the extent a response is necessary, Applicants deny that Plaintiff is entitled to any relief whatsoever.

12. Admitted.

13. Admitted.

## STATEMENT OF FACTS

14. Paragraph 14 purports to characterize, and quotes from, provisions of the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 14 not consistent therewith.

15. The first three sentences of Paragraph 15 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in the first three sentences of Paragraph 15 not consistent therewith. The final sentence of Paragraph 15 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

16. Paragraph 16 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 16 not consistent therewith.

17. Paragraph 17 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 17 not consistent therewith.

18. Paragraph 18 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 18 not consistent therewith.

19. Paragraph 19 purports to characterize provisions of the 1993 Revised Grizzly Bear Recovery Plan ("1993 Recovery Plan"), which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 19 not consistent therewith.

20. Paragraph 20 purports to characterize provisions of the 2011 Grizzly Bear 5-Year Review ("2011 5-Year Review"), which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 20 not consistent therewith.

21. Paragraph 21 purports to characterize the 1975 listing determination contained within the Federal Register, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 21 not consistent therewith.

22. Paragraph 22 purports to characterize, and quotes from, provisions of the 1993 Recovery Plan, which speaks for itself and is the best evidence of its

contents; as such, Applicants deny every allegation in Paragraph 22 not consistent therewith.

23. Paragraph 23 purports to characterize, and quotes from, provisions of the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 23 not consistent therewith.

24. Applicants admit that more than 25 years have passed since 1993. Applicants deny the reminder of Paragraph 24.

25. Paragraph 25 purports to characterize supplements to the 1993 Recovery Plan, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 25 not consistent therewith.

26. Paragraph 26 purports to characterize the 1993 Recovery Plan, and the supplements thereto, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 26 not consistent therewith.

27. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, deny the same.

28. Paragraph 28 purports to characterize, and quotes from, provisions of the 2011 5-Year Review, which speaks for itself and is the best evidence of its

contents; as such, Applicants deny every allegation in Paragraph 28 not consistent therewith.

29. Paragraph 29 purports to characterize, and quotes from, provisions of the 2011 5-Year Review and 2017 and 2018 supplements to the 1993 Recovery Plan, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 29 not consistent therewith.

30. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, deny the same.

31. Paragraph 31 purports to characterize provisions of a 2018 Annual Report, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 31 not consistent therewith.

32. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, deny the same.

33. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, deny the same.

34. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, deny the same.

35. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, deny the same.

36. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, deny the same.

37. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, deny the same.

## FIRST CLAIM FOR RELIEF
### ESA Section 4(c): Failure to prepare a timely five-year status review for the grizzly bear

38. Applicants resubmit their answers to Paragraphs 1–37 of Plaintiff's Complaint.

39. Paragraph 39 purports to characterize, and quotes from, provisions of the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 39 not consistent therewith.

40. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, deny the same.

41. Paragraph 41 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

## SECOND CLAIM FOR RELIEF
### ESA Section 4(f): Failure to "develop and implement" a plan that provides for the "conservation and survival" of the species

42. Applicants resubmit their answers to Paragraphs 1–41 of Plaintiff's Complaint.

43. Paragraph 43 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 43 not consistent therewith.

44. Paragraph 44 purports to characterize, and quotes from, provisions of the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 44 not consistent therewith.

45. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, deny the same.

46. Paragraph 46 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

47. Paragraph 47 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

48. Paragraph 48 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

49. Paragraph 49 purports to characterize, and quotes from, provisions of the 2011 5-Year Review and 2017 and 2018 supplements to the 1993 Recovery Plan, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 49 not consistent therewith.

50. Paragraph 50 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

### THIRD CLAIM FOR RELIEF
### ESA Section 7(a)(1) and APA: Violation of the affirmative duty to conserve the grizzly bear in refusing to evaluate or pursue grizzly bear recovery in additional areas

51. Applicants resubmit their answers to Paragraphs 1–50 of Plaintiff's Complaint.

52. Paragraph 52 purports to characterize, and quotes from, provisions of the ESA, which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 52 not consistent therewith.

53. Paragraph 53 purports to characterize, and quotes from, provisions of the 2011 5-Year Review and the 1993 Recovery Plan, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 53 not consistent therewith.

54. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, deny the same.

55. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, deny the same.

56. Paragraph 56 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

57. Paragraph 57 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

58. Paragraph 58 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

## FOURTH CLAIM FOR RELIEF
### APA Violation: Unreasonable denial of the Center's petition

59. Applicants resubmit their answers to Paragraphs 1–58 of Plaintiff's Complaint.

60. Paragraph 60 purports to characterize, and quotes from, provisions of the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 60 not consistent therewith.

61. Paragraph 61 purports to characterize, and quotes from, provisions of the APA and case law, which speak for themselves and are the best evidence of their contents; as such, Applicants deny every allegation in Paragraph 61 not consistent therewith.

62. Paragraph 62 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

63. Paragraph 63 purports to characterize, and quote from, provisions of an irrelevant recovery plan not at issue in this case, which, nonetheless, speaks for itself

and is the best evidence of its contents; as such, Applicants deny every allegation in Paragraph 63 not consistent therewith.

64. Paragraph 64 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

65. Paragraph 65 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

66. Paragraph 66 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

67. Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, deny the same.

68. Paragraph 68 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

The remainder of Plaintiff's Complaint consists of Plaintiff's prayer for relief, to which no response is required. Insofar as a response is required, Applicants in Intervention deny that Plaintiff is entitled to any relief whatsoever.

Applicants in Intervention hereby deny all allegations in Plaintiff's Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

      B.    Plaintiff lacks standing to assert the causes of action contained in Plaintiff's Complaint.

      C.    This Court lacks jurisdiction over Plaintiff's Complaint and the causes of action asserted therein.

      D.    Plaintiff's Complaint is barred by Plaintiff's failure to exhaust administrative remedies.

      E.    Plaintiff's claims are barred by the applicable statute of limitations.

      F.    Applicants in Intervention reserve the right to assert any other claims or defenses that may be available or may become available during the course of these proceedings.

DATED this 5th day of November 2019.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION

*/s/ Ronald W. Opsahl, Esq.*
Ronald W. Opsahl, Esq. (Mont. Bar No. 8422)
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mslegal.org

Attorney for Applicants in Intervention

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I electronically filed the foregoing [PROPOSED] ANSWER OF WYOMING STOCK GROWERS' ASSOCIATION, WYOMING FARM BUREAU FEDERATION, AND UTAH FARM BUREAU FEDERATION with the Clerk of the Court for the United States District Court for the District of Montana via the CM/ECF system, which will serve all registered CM/ECF users.

*/s/ Ronald W. Opsahl, Esq.*
Ronald W. Opsahl, Esq.