JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
DEVON L. FLANAGAN, Trial Attorney (D.C. Bar No. 1022195)
DAVIS A. BACKER, Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0201
Fax: (202) 305-0275
Email: devon.flanagan@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, <br><br> Plaintiff, <br><br> v. <br><br> **DAVID BERNHARDT**, et al., <br><br> Defendants, <br><br> **STATE OF WYOMING**, et al., <br><br> Defendant-Intervenors | Case No. 9:19-cv-00109-DLC <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff, the Center for Biological Diversity, and Federal Defendants, David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior, and Margaret Everson, in her official capacity as Principal Deputy Director of the United States Fish and Wildlife Service ("FWS") who, by and through their undersigned counsel, state as follows:

WHEREAS, in 1975 FWS listed the grizzly bear (*Ursus arctos horribilis*) in the lower-48 states as a "threatened" species under the Endangered Species Act ("ESA"), 40 Fed. Reg. 31,734 (July 28, 1975);

WHEREAS, in August 2011, in accordance with the ESA, 16 U.S.C. § 1533(c)(2), FWS conducted a five-year status review for the lower-48 states grizzly bear population;

WHEREAS, on April 20, 2019, Plaintiff sent Federal Defendants a letter stating its intent to file suit to compel FWS to, as relevant here, conduct a five-year status review of the lower-48 states grizzly bear population pursuant to 16 U.S.C. § 1533(c)(2)(a);

WHEREAS, on June 27, 2019, Plaintiff filed the above-captioned action;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's

2

claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the first claim for relief set forth in Plaintiff's Complaint, alleging FWS failed to prepare a timely five-year status review on the lower-48 states grizzly bear population;

WHEREAS, the Parties agree that settlement of this claim in this manner is appropriate and in the public interest;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. No later than March 31, 2021, FWS shall complete and post on the Environmental Conservation Online System ("ECOS") website a status review of all grizzly bear populations listed under the ESA at the time of its review, pursuant to the ESA, 16 U.S.C. § 1533(c)(2)(A);

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking

enforcement shall provide the other Party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

3. In the event that Federal Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that Federal Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to

Federal Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Federal Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a status review for any listed species.

6. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claim settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling the first claim for relief in

Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

7. Plaintiff reserves its right to seek attorneys' fees and costs incurred in connection with this claim after final judgment on the remaining claims brought in the above-captioned litigation. By entering into this Agreement, Federal Defendants do not agree that Plaintiff is entitled to recover attorneys' fees in this case, or to the amount of any such fees and also do not waive any objection or defense they may have to any claim for attorneys' fees.

8. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of the first claim for relief in Plaintiff's Complaint. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the first claim for relief as outlined in Plaintiff's Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and

conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

11. Upon adoption of this Agreement by the Court, the first claim for relief in Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this claim, the Parties agree and request that this Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Dated: December 6, 2019                                Respectfully submitted,

*/s/ Collette Adkins*                                  JEAN E. WILLIAMS
COLLETTE ADKINS, Senior Attorney                       Deputy Assistant Attorney General
*Admitted Pro Hac Vice*                                SETH M. BARSKY, Section Chief
Center for Biological Diversity                        MEREDITH L. FLAX, Asst. Section Chief
P.O Box 595
Circle Pines, MN 55014-0595                            */s/ Devon L. Flanagan*
Phone: (651) 955-3821                                  DEVON L. FLANAGAN, Trial Attorney
Email: cadkins@biologicaldiversity.org                 D.C. Bar No. 1022195
                                                       DAVIS A. BACKER, Trial Attorney
ANDREA SANTARSIERE, Senior Attorney                    CO Bar No. 53502
*Admitted Pro Hac Vice*                                United States Department of Justice

7

Center for Biological Diversity
P.O Box 469
Victor, ID 83455
Phone: (303) 854-7748
Email: asantarsiere@biologicaldiversity.org

*Attorneys for Plaintiff*

Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0201
Fax: (202) 305-0275
Email: Devon.Flanagan@usdoj.gov

*Attorneys for Defendants*

## **ATTESTATION OF CONCURRENCE**

In accordance with Civil Local Rule 11.2, I hereby attest that I obtained concurrence in the filing for the signatures of all counsel indicated by a conformed signature ("/s/") within this e-filed document.

*/s/ Devon L. Flanagan*
DEVON LEA FLANAGAN, Trial Attorney
D.C. Bar No. 1022195
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0201
Fax: (202) 305-0275
Email: Devon.Flanagan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed the foregoing Stipulated Settlement Agreement with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

>*/s/ Devon L. Flanagan*
>DEVON LEA FLANAGAN, Trial Attorney
>D.C. Bar No. 1022195
>United States Department of Justice
>Environment & Natural Resources Division
>Wildlife and Marine Resources Section
>Ben Franklin Station
>P.O. Box 7611
>Washington, D.C. 20044
>Tel: (202) 305-0201
>Fax: (202) 305-0275
>Email: Devon.Flanagan@usdoj.gov