Cody J. Wisniewski
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
Fax: (303) 292-1980
cody@mslegal.org

*Attorney for Intervenor-Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) Case No. 9:19-cv-00109-DLC |
| *Plaintiff,* | ) ) |
| v. | ) **REPLY IN SUPPORT OF** |
| DAVID BERNHARDT, Secretary of the Interior; and MARGARET EVERSON, Principal Deputy Director of U.S. Fish and Wildlife Service, | ) **WYOMING STOCK GROWERS** ) **ASSOCIATION, WYOMING** ) **FARM BUREAU FEDERATION,** ) **AND UTAH FARM BUREAU** ) **FEDERATION'S CROSS-** |
| *Defendants,* | ) **MOTION FOR SUMMARY** ) **JUDGMENT** |
| and | ) |
| STATE OF WYOMING and STATE OF IDAHO, | ) ) |
| *Intervenor-Defendants* | ) ) |
| WYOMING STOCK GROWERS ASSOCIATION, WYOMING FARM BUREAU FEDERATION, and UTAH FARM BUREAU FEDERATION, | ) ) ) ) |
| *Intervenor-Defendants.* | ) ) |
| | ) ) |

# TABLE OF CONTENTS

**<u>Page</u>**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................1

ARGUMENT ....................................................................................3

I.     The Center For Biological Diversity Fails To Respond To Agricultural Associations' Recitation Of Binding Ninth Circuit Case Law Establishing Recovery Plans Are Not "Rules" Within The Meaning Of The Administrative Procedure Act ..................................................3

II.    The Center For Biological Diversity Fails To Point To A Single Case Supporting Its Specific Argument That Recovery Plans Are "Rules"............7

CONCLUSION ...................................................................................9

CERTIFICATE OF COMPLIANCE ....................................................10

CERTIFICATE OF SERVICE ............................................................11

# TABLE OF AUTHORITIES

**Case**                                                                  **Page**

*Cascadia Wildlands v. Bureau of Indian Affairs*,
   801 F.3d 1105 (9th Cir. 2015) ...............................................................4, 6

*Center for Biological Diversity v. Bernhardt*,
   Case No. 20-cv-00855 (D.D.C. Mar. 31, 2020) ......................................8

*Conservation Congress v. Finley*,
   774 F.3d 611 (9th Cir. 2014) ...............................................................4, 6

*Crow Indian Tribe v. United States*,
   965 F.3d 662 (9th Cir. 2020) ....................................................................8

*Defenders of Wildlife v. Tuggle*,
   607 F. Supp. 2d 1095 (D. Ariz. 2009)..................................................5, 6

*Friends of Blackwater v. Salazar*,
   691 F.3d 428 (D.C. Cir. 2012)...........................................................4, 5, 6

**Statutes**

5 U.S.C. § 551 ..................................................................................... 1, 3, 4

5 U.S.C. § 553 ................................................................................3, 4, 7, 8

16 U.S.C. § 1531 ........................................................................................3

16 U.S.C. § 1533(f).....................................................................................4

**Rules**

Fed. R. Civ. P. 5 .......................................................................................11

D. Mont. L.R. 1.4(c)(2)............................................................................11

Wyoming Stock Growers Association, Wyoming Farm Bureau Federation, and Utah Farm Bureau Federation (collectively "Agricultural Associations"), by and through their undersigned counsel, Cody J. Wisniewski, respectfully file this Reply in Support of their Cross-Motion for Summary Judgment.  *See* Case No. 19-cv-00109-DLC, ECF Nos. 69–71.[1]

## INTRODUCTION

The Center for Biological Diversity's ("CBD") ultimate goal is evident—CBD wishes to have a guiding hand in authoring a recovery plan for the lower-48 grizzly bear population.  That, however, is not an option available to CBD.  Instead, CBD seeks to have this Court do something no other Court has done—treat a recovery plan as a "rule" under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, so that CBD may litigate over its contents.   The Ninth Circuit, in line with courts across the nation, however, remains abundantly clear that recovery plans are nothing more than non-binding guidance documents.  This Court should not be persuaded into treating recovery plans as "rules" under the APA, given that treatment does not derive from any viable principle of law, and finds no support in this Circuit's precedent.

---

[1]      Hereinafter, citations to court filings will be based upon the electronic docket contained within this Court's CM/ECF database for Case No. 9:19-cv-00109-DLC, unless otherwise specified.

In an effort to conserve judicial resources, Agricultural Associations will address two brief points in response to CBD's *Combined Response and Reply Brief* ("CBD Reply").  ECF No. 72.

First, CBD's failure to examine, or accurately present, any of this Circuit's case law, provided by Agricultural Associations, that addresses the fact that recovery plans are not "rules" within the meaning of the APA is a fatal flaw.  Instead, CBD's Reply completely changes strategy and attempts to unilaterally redefine and expand the meaning of a "rule," without any support, to include essentially every statement made by an agency.  *See* CBD Reply at 4–14.

Second, and most importantly, CBD still fails to point to any Ninth Circuit precedent establishing that the U.S. Fish and Wildlife Service ("FWS") is *required* to undertake a rulemaking pertaining to the lower-48 grizzly bear recovery plan.  CBD misconstrues Agricultural Associations' argument to support its point by selectively quoting Agricultural Associations' brief, while ignoring the remainder of the argument.  *See* CBD Reply at 10; *but see Brief in Support of Wyoming Stock Growers Association, Wyoming Farm Bureau Association, and Utah Farm Bureau Federation's Cross-Motion for Summary Judgment and Response to Center for Biological Diversity's Motion for Summary Judgment* ("Ag. Ass'ns Op. Br."), ECF No. 70, at 16.  But CBD does not cite to a single case where a court holds that a recovery plan constitutes a "rule" under the APA.

If this Court were to rule in favor of CBD, this would be the first and only court in the nation to consider recovery plans to be "rules" under the APA—not because CBD has presented a novel argument, but because such a determination would violate both the APA and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.*

## ARGUMENT

**I. THE CENTER FOR BIOLOGICAL DIVERSITY FAILS TO RESPOND TO AGRICULTURAL ASSOCIATIONS' RECITATION OF BINDING NINTH CIRCUIT CASE LAW ESTABLISHING RECOVERY PLANS ARE NOT "RULES" WITHIN THE MEANING OF THE ADMINISTRATIVE PROCEDURE ACT**

Agricultural Associations' initial position with this Court is only further supported by CBD's Response and Reply Brief.  This Court should summarily reject CBD's still unsupported attempt to have this Court hold that recovery plans promulgated under the terms of the ESA are "rules" under sections 551 and 553 of the APA.  5 U.S.C. §§ 551, 553; *see* Ag. Ass'ns Op. Br. at 7; *see also* CBD's Br. at 10–19; CBD Reply at 4–14.

The APA defines a "rule" as "the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy . . ."  5 U.S.C. § 551(4).  A "rule making" is the "agency process for formulating, amending, or repealing a rule."  5 U.S.C. § 551(5).  The

APA only allows for persons "to petition for the issuance, amendment, or repeal *of a rule*." 5 U.S.C. § 553(e).

The Ninth Circuit, however, is clear that recovery plans are nothing more than non-binding guidance documents—they do not implement, interpret, or prescribe law or policy. But CBD's silence speaks volumes. In CBD's Response and Reply Brief, CBD fails to give any treatment to two of the key Ninth Circuit cases analyzed by Agricultural Associations—*Conservation Congress v. Finley* and *Cascadia Wildlands v. Bureau of Indian Affairs*. Ag. Ass'ns Op. Br. at 10–12.

In *Conservation Congress*, the Ninth Circuit examined the U.S. Forest Service's decision not to follow the precise contours of a 2011 recovery plan for the Northern Spotted Owl. 774 F.3d 611, 620 (9th Cir. 2014). The Ninth Circuit stated: "Recovery Plans are prepared in accordance with section 1533(f) of the Endangered Species Act for all endangered and threatened species, and while they provide guidance for the conservation of those species, they *are not binding authorities*." *Id.* at 614 (emphasis added) (citing *Friends of Blackwater v. Salazar*, 691 F.3d 428, 432–34 (D.C. Cir. 2012)). Further, in *Cascadia Wildlands v. Bureau of Indian Affairs*, the Ninth Circuit again stated the ESA "does not mandate compliance with recovery plans for endangered species." 801 F.3d 1015, 1114 n.8 (9th Cir. 2015). The non-binding, guiding nature of a recovery plan clearly does not "implement, interpret, or prescribe law or policy." *See* 5 U.S.C. § 551(4). Most telling, CBD

does not even attempt to address these cases in its Response and Reply Brief. Instead, CBD seeks to pivot its argument and construe recovery plans as some form of policies that are also rules.

Where CBD does actually address cited cases, it does so in a cursory and unpersuasive manner. First, CBD obfuscates the holding in *Defenders of Wildlife v. Tuggle*, stating that "wildlife management planning documents have previously qualified as interpretive rules." CBD Reply at 11 n.3 (citing *Defenders of Wildlife v. Tuggle*, 607 F. Supp. 2d 1095, 1115 (D. Ariz. 2009)). In that case, the district court was explicitly reviewing the adoption of a standard operating procedure ("SOP"), which began with the adoption of a 2003 memorandum of understanding ("MOU"). *Id.* at 1110. The court determined the SOP was a *final agency action* because the SOP *superseded a prior, binding rule*. *Id*. The SOP, by superseding the prior, binding rule, in effect repealed the former rule and constituted a new rule. It is clear that recovery plans, including the 1993 Grizzly Bear Recovery Plan at issue here, which serve solely as non-binding guidance documents, are not analogous to the binding SOP and MOU reviewed in *Tuggle*. Despite CBD's characterization, the court's holding in *Tuggle* is not relevant to this Court.

Next, CBD quotes non-binding dicta from the "Appendix: Notes on the Dissent" section of *Friends of Blackwater v. Salazar* in an attempt to undermine the weight the majority, binding opinion places on the characterization of a recovery

5

plan as a "map or a set of directions that provides objective and measurable steps to guide a traveler to his destination," but notes "as with a map, it is possible to reach one's destination – recovery of the species – by a pathway neither contemplated by the traveler setting out nor indicated on the map."  691 F.3d at 434; CBD Reply at 23–24.  The majority opinion in *Friends of Blackwater* makes clear that recovery plans are non-binding guidance documents.  691 F.3d at 433–34.  In no way does the D.C. Circuit treat the recovery plan at issue in that case as a "rule."  *Id.*  In fact, the court only discusses revision of recovery plans in an appendix, while responding to the dissent's argument regarding notice and comment requirements.  *Id.* at 437 ("The foregoing interpretation of § 4(f)(1) does not render the notice and comment requirement of § 4(f)(4) 'superfluous.'").

Agricultural Associations' argument can be neatly summed up as this: recovery plans are non-binding guidance documents that do not qualify as "rules" under the APA.  CBD's avoidance of *Conservation Congress* and *Cascadia Wildlands* and misconstrual of both *Tuggle* and *Friends of Blackwater* demonstrate the weakness in CBD's position.  Based on Ninth Circuit case law, this Court should rule against CBD's attempt to persuade this Court to hold as no other court in the nation has and should determine that recovery plans are not "rules" under the APA.

## II.    THE CENTER FOR BIOLOGICAL DIVERSITY FAILS TO POINT TO A SINGLE CASE SUPPORTING ITS SPECIFIC ARGUMENT THAT RECOVERY PLANS ARE "RULES"

CBD had the perfect opportunity to make its case in its Response and Reply Brief.  Agricultural Associations specifically noted in their Opening Brief that they "are unaware of any court precedent holding that recovery plans are "rules" under the terms of section 553 of the APA . . . because . . . the courts have routinely found that recovery plans are guidance documents and not rules."  Ag. Ass'ns Op. Br. at 7 n.2.  CBD again, however, fails to point to a single case supporting their contention in their Response and Reply Brief.

Apparently recognizing the futility of attempting to actually support its argument with relevant precedent, CBD instead selectively quotes from Agricultural Associations' argument to try to pit Agricultural Associations against the Federal Defendants.  CBD Reply at 10.  What CBD omits, however, is that Agricultural Associations specifically state that the 1993 Grizzly Bear Recovery Plan provides "non-binding guidance for the recovery of the lower-48 grizzly bear populations," and further state that all recovery plans are "exempt from the rulemaking portions of the APA, and accordingly, FWS properly denied CBD's petition for rulemaking to

amend that plan." Ag. Ass'ns Op. Br. at 16.[2]  CBD's selective quoting should not affect this Court's ultimate decision.

The statutes involved are not new.  And litigation surrounding the interplay of the ESA and the APA is prolific.  The fact that no court has held the way CBD asks this Court to hold is not a function of the question being untested, but rather of CBD's argument being wholly unsupported.  If CBD believed the 1993 Grizzly Bear Recovery Plan was a rule, it could have filed suit when the recovery plan was adopted; or even within six years of adoption.  But CBD did not.  Instead, CBD filed this lawsuit at a time when there are multiple other pending suits surrounding the grizzly bear populations in the lower-48, including the recovered Greater Yellowstone Ecosystem grizzly bear Distinct Population Segment and the longstanding processes for authorizing takes of problem grizzly bears.[3]  This lawsuit

---

[2]     Agricultural Associations do acknowledge their untidy usage of the term of art "statement of policy."  Agricultural Associations were attempting to draw a distinction between the notice and comment requirements of the APA and the ESA, while presenting the Ninth Circuit's analysis of non-binding agency documents under the notice requirement exceptions.   Agricultural Associations hereby clarify they are not asserting that recovery plans are subject, generally, to section 553, but only exempt from section 553(b); instead, Agricultural Associations argue that recovery plans are non-binding guidance documents that do not in any way qualify as "rules" under the APA.

[3]     *See Crow Indian Tribe v. United States*, 965 F.3d 662 (9th Cir. 2020); *Ctr. for Biological Diversity v. Bernhardt*, Case No. 20-cv-00855 (D.D.C. complaint filed Mar. 31, 2020).

is simply another lateral attack on FWS's efforts to delist recovered populations of grizzly bears in the conterminal United States.

This Court should not overlook CBD's failure to cite to a single case establishing recovery plans as "rules." This omission, coupled with CBD's mistreatment of this Circuit's precedent, amounts to the final nail in the coffin for CBD's case.

## CONCLUSION

For the foregoing reasons, this Court should deny the Center for Biological Diversity's Motion for Summary Judgment and should enter summary judgment as to all claims in favor of Federal Defendants, Agricultural Associations, and the other Intervenors.


DATED this 18th day of September 2020.

Respectfully submitted,

*/s/ Cody J. Wisniewski*

Cody J. Wisniewski
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado  80227
Phone: (303) 292-2021
Fax: (303) 292-1980
cody@mslegal.org

*Attorney for Intervenor-Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing *Reply in Support of Wyoming Stock Growers Association, Wyoming Farm Bureau Federation, and Utah Farm Bureau Federation's Cross-Motion for Summary Judgment* contains 1,978 words, excluding the parts of the brief exempted by rule.   This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font.

DATED this the 18th day of September 2020.

/s/ Cody J. Wisniewski
Cody J. Wisniewski
MOUNTAIN STATES LEGAL FOUNDATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on September 18, 2020, I filed the forgoing document with the Clerk of the Court using this Court's CM/ECF system, which will send notification to all counsel of record pursuant to Fed. R. Civ. P. 5 and D. Mont. L.R. 1.4(c)(2).

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski
MOUNTAIN STATES LEGAL FOUNDATION
